IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMMINS GOLD CORP.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SENTRY SELECT CAPITAL CORP., SENTRY INVESTMENTS INC., and SENTRY PRECIOUS METALS GROWTH FUND,<br><br>　　　　　　　Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Timmins Gold Corp. ("Timmins" or the "Company"), by its attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, upon personal knowledge with respect to itself and its actions and otherwise on information and belief, alleges as follows:

### Nature of the Action

1. This is an action to remedy false and misleading SEC filings that one of Timmins' major shareholders has filed in the midst of a proxy contest.

2. Timmins is a Canadian-based gold producer that operates an open pit gold mine in Mexico. It is a publicly traded company whose common shares are listed on the NYSE MKT in the United States and the Toronto Stock Exchange in Canada.

3. Because Timmins is publicly traded in the United States, it and its major shareholders are subject to disclosure requirements under U.S. securities laws,

including requirements to file disclosure reports with the U.S. Securities and Exchange Commission ("SEC").

4. Defendants Sentry Select Capital Corp., Sentry Investments Inc., and Sentry Precious Metals Growth Fund (together, "Sentry") are affiliated companies that together comprise Timmins' largest shareholder, holding approximately 17% of the Company's common shares.

5. On June 9, 2014, Sentry filed a Schedule 13D with the SEC disclosing that it was no longer a passive investor in Timmins, as it had previously represented itself to be in its SEC filings. Instead, Sentry said it was mounting a proxy contest in which it is running its own slate of six nominees for the Company's eight-member Board of Directors at the next Annual General Meeting, currently scheduled for July 31, 2014.

6. Sentry's Schedule 13D disclosure, however, is false and misleading in ways that are seriously prejudicial to other Timmins shareholders and to the market generally in this critical time period leading up to the July 31, 2014 shareholder vote.

7. As an initial matter, Sentry misstated when it first made the transition from being a passive investor to being an activist investor intent on changing control of Timmins.

8. Under the U.S. securities laws, Sentry is required to report such a transition in a Schedule 13D disclosure within ten days and until the expiration of the tenth day from the date of the filing of a Schedule 13D, Sentry is prohibited from voting or directing the voting of the Timmins common shares or acquiring additional beneficial

ownership of any Timmins common shares. Sentry reported in its Schedule 13D that it made the transition on May 27, 2014. In fact, however, Sentry started putting its dissident slate of directors together long before May 27, but failed to disclose that fact to Timmins shareholders and the market generally in a timely fashion, as required under U.S. securities laws.

9. In addition, U.S. securities laws require that, if a major shareholder like Sentry forms a "group" with any other Timmins shareholder by reaching an understanding or agreement to vote their shares together, that fact must also be disclosed in an SEC filing.

10. In fact, Sentry has reached such an understanding or agreement with at least one other Timmins shareholder but has failed to publicly disclose that fact in its SEC filings (or elsewhere).

11. Timmins brings this action for declaratory and injunctive relief requiring Sentry to remedy its securities law violations and to correct its SEC filings so that other Timmins shareholders and the market generally will have accurate information in advance of the upcoming shareholder vote on July 31, 2014.

### Jurisdiction and Venue

12. This action arises under § 13(d) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(d), and the rules and regulations promulgated thereunder by the SEC.

13. This Court has subject matter jurisdiction based upon 28 U.S.C. § 1331 and § 27 of the Exchange Act, 15 U.S.C. § 78aa, as the action involves a federal question.

14. The Court has personal jurisdiction over Sentry pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa.

15. Venue properly lies in this Court pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b), because the actions giving rise to this action—Sentry's false and misleading SEC filings—took place in this District.

## Relevant Facts

### The Regulatory Scheme

16. Section 13(d) of the Exchange Act of 1934, as amended, mandates that "any person" who becomes "directly or indirectly the beneficial owner of more than 5 per centum" of a class of securities of an issuing corporation, within ten days after such acquisition, file a statement setting forth certain information with the SEC and send the statement to the issuer. Among the information that must be provided is:

> (B) the source and amount of the funds or other consideration used or to be used in making the purchases, and if any part of the purchase price is represented or is to be represented by funds or other consideration borrowed or otherwise obtained for the purpose of acquiring, holding, or trading such security, a description of the transaction and the names of the parties thereto . . . ;
>
> (C) if the purpose of the purchases or prospective purchases is to acquire control of the business of the issuer of the securities, any plans or proposals which such persons may have to liquidate such issuer, to sell its assets to or merge it with any other persons, or to make any other major change in its business or corporate structure;
>
> (D) the number of shares of such security which are beneficially owned, and the number of shares concerning which there is a right to acquire, directly or indirectly, by (i) such person, and (ii) by each associate of such person, giving the background, identity, residence, and citizenship of each such associate; and
>
> (E) information as to any contracts, arrangements, or understandings with any person with respect to any securities of the issuer, including but not limited to transfer of any of the securities, joint ventures, loan or option arrangements, puts or calls, guaranties of loans, guaranties against loss or

guaranties of profits, division of losses or profits, or the giving or withholding of proxies, naming the persons with whom such contracts, arrangements, or understandings have been entered into, and giving the details thereof.

15 U.S.C. § 78m(d).

17. The SEC has prescribed Schedule 13D as the official form for compliance with the statute, which also specifically requires, among other things, that the filer "[s]tate the purpose or purposes of the acquisition of securities of the issuer." 17 C.F.R. §§ 240.13d-1, 240.13d-101.

18. A person who would otherwise be obligated to file a statement on Schedule 13D may, in lieu thereof, file a short-form statement on Schedule 13G, provided that such person has acquired such securities in the ordinary course of his business and not with the purpose nor with the effect of changing or influencing the control of the issuer and meets certain other specified criteria. 17 C.F.R. §§ 240.13d-1(b).

19. In addition, § 13(d)(2) of the Exchange Act states that "[i]f any material change occurs in the facts set forth in the statement filed with the Commission, an amendment shall be filed with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78m(d)(2).

20. Specifically, under Rule 13d-1(e) of the Exchange Act, when a more-than 5% beneficial owner determines that its purpose in the investment has changed from being a passive one to one aimed at changing or influencing control of the issuer, it must file a Schedule 13D no later than 10 calendar days after the change in investment purpose and until the expiration of the tenth calendar day from the date of the filing of a

Schedule 13D (the "cooling-off period"), the reporting person is prohibited from voting or directing the voting of the subject securities or acquiring additional beneficial ownership of any equity securities of the issuer. 17 C.F.R. § 240.13d-1(e).

21.     Moreover, § 13(d)(3) of the Exchange Act states that "when two or more persons act as a . . . group for the purpose of acquiring, holding, or disposing of securities of an issuer, such syndicate or group shall be deemed a "person" for the purposes of this subsection." 15 U.S.C. § 78m(d)(3). Rule 13d-5(b)(1) further provides:

> When two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer, the group formed thereby shall be deemed to have acquired beneficial ownership, for the purposes of sections 13(d) and (g) of the [Exchange] Act, as of the date of such agreement, of all equity securities of that issuer beneficially owned by any such persons.

17 C.F.R. § 240.13d-5(b)(1). And Rule 13d-3(b) provides that "[a]ny person who, directly or indirectly, creates or uses a trust, proxy, power of attorney, pooling arrangement or any other contract, arrangement, or device with the purpose or effect of divesting such person of beneficial ownership of a security or preventing the vesting of such beneficial ownership as part of a plan or scheme to evade the reporting requirements of sections 13(d) or (g) of the Act shall be deemed for purposes of such sections to be the beneficial owner of such security." 17 C.F.R. § 240.13d-3(b).

### The Parties

22.     Timmins, which is a publicly traded Canadian corporation headquartered in Vancouver, British Columbia, is a gold producer engaged in the operation, development, exploration, and acquisition of resource properties in Mexico, including owning and operating the San Francisco open pit gold mine in the state of Sonora, Mexico. The Company's common shares are listed on the NYSE MKT and the

Toronto Stock Exchange, and the Company and its major shareholders are subject to SEC reporting requirements.

23. Sentry Select Capital Corp., an Ontario corporation headquartered in Toronto, is a holding corporation and the parent company to Sentry Investments Inc.

24. Sentry Investments Inc., also an Ontario corporation headquartered in Toronto, is a registered investment fund manager in Canada.

25. Sentry Precious Metals Growth Fund is an open-end mutual fund in Canada, managed by Sentry Investments Inc.

26. On February 11, 2014, Sentry Select Capital Corp. and Sentry Investments Inc. filed Amendment No. 3 to a Schedule 13G with the SEC, stating that they beneficially owned 18.45% of Timmins' common shares. According to their Schedule 13D filed with the SEC on June 9, 2014 (a copy of which is attached hereto as Exhibit A), Sentry Select Capital Corp., Sentry Investments Inc., and Sentry Precious Metals Growth Fund (together, "Sentry") together had beneficial ownership of approximately 17% of Timmins' common shares.

**Sentry's False and Misleading Statements**

27. By filing a Schedule 13G on February 11, 2014, rather than a Schedule 13D, Sentry represented that it had acquired its shares in Timmins in the ordinary course of his business and not with the purpose of changing or influencing the control of the Company.

28. Sentry did not tell Timmins shareholders and the market generally that its purpose had changed prior to the filing of its Schedule 13D on June 9, 2014.

29. In its Schedule 13D, Sentry represented that the Timmins common shares it owned "were not acquired and, prior to May 27, 2014, they were not held, for

the purpose of or with the effect of changing or influencing the control of the Issue [*i.e.*, Timmins]." Sentry went on to state that, on May 27, 2014, it had proposed to Timmins the nomination of six new directors to Timmins' current eight-member board; that, the following day, it had provided Timmins with a written proposal regarding its six nominees; and that, on June 2, 2014, Sentry Investments Inc. had issued a press release announcing its intention to nominate its slate of six new directors to the Issuer's eight person board.

30.   Sentry's June 9, 2014 Schedule 13D (the "Schedule 13D") is false and misleading in several respects.

### *Timing of Sentry's Change to an Activist Purpose*

31.   First, Sentry's purpose in holding Timmins' shares changed from a passive to an activist purpose much earlier that May 27, 2014.

32.   Sentry could not have lined up its slate of six director candidates on May 27, 2014, the very same day that it met with representatives of Timmins, in which it named its proposed nominees. Indeed, in a phone call with Timmins representatives eleven days earlier (on or about May 16, 2014), Kevin MacLean, Senior Vice-President and Senior Portfolio Manager at Sentry, stated that: (i) Sentry had already retained a proxy solicitation firm to aid in its proxy challenge, (ii) Sentry would be nominating a slate of six director candidates to replace the incumbent directors, (iii) Sentry's proxy challenge was already "all lined up," and (iv) Sentry had been working on its plan for "some time."

33.   In addition, Sentry stated in its June 2, 2014 press release that "[a]fter Sentry gave notice of its intent to Timmins, the AGM previously scheduled for

July 17, 2014, was cancelled as of the evening of Friday May 23, 2014." Thus, Sentry, by its own admission, intended to influence or change the control of the issuer as of some undisclosed date prior to May 23, 2014.

### *Formation of a Group to Vote for Dissident Slate of Directors*

34. MacLean also told the Timmins officials that Sentry had the support of other shareholders for it proxy challenge, and that Sentry "had the votes to win this."

35. In addition, at a meeting with Timmins officials on May 27, 2014, MacLean repeated that Sentry "had the support of shareholders" for its proxy challenge.

36. MacLean's assertion that Sentry already "had the votes" to win a proxy challenge confirms that Sentry has an understanding or agreement with one or more other Timmins shareholder that the other shareholder(s) will vote for Sentry's slate. That means Sentry and the other shareholder(s) thereby formed a group, which Sentry was required to disclose in a Schedule 13D filing at the time of such filing. *See* 17 C.F.R. § 240.13d–5(b)(1).

37. Sentry, however, has not made any such disclosure.

### *False Disclosures Regarding Management's Response to Potential Acquirers*

38. Sentry's Schedule 13D also contained other misstatements. For example, in the June 2, 2014 news release filed as an exhibit to the Schedule 13D, Sentry falsely stated that Timmins had "[i]gnored requests made by significant shareholders to allow for comprehensive due diligence to be conducted by potential acquirers. Stronger companies with superior growth prospects, stronger financial positions, superior technical skills and superior operating performance have been rebuffed." Sentry's news release

also incorrectly asserted that Timmins' management had demonstrated "a preference to discourage potentially attractive merger/sale opportunities."

39. In fact, as Timmins publicly stated in its own news release dated June 6, 2014 (and as it had also previously advised Sentry), with respect to the assertion that management was discouraging potentially attractive merger/sale opportunities, "the fact is that a potential suitor at one time put forward an indicative non-binding proposal to acquire Timmins Gold. Management immediately brought the proposal to the Board's attention and the potential suitor was granted exclusivity and afforded the opportunity to undertake due diligence, but declined to make a binding offer to acquire Timmins."

40. With respect to Sentry's assertion that Timmins was denying potential suitors relevant information, Timmins responded that "the Company has provided numerous parties with relevant information under confidentiality agreements. Moreover, the Company has consistently allowed potential acquirers to tour the San Francisco mine." Timmins had also previously advised Sentry that Sentry's assertions on this issue were also false.

### *Failure of Blair and Sean Driscoll to Join as Reporting Persons*

41. Sentry's 13D is also false and misleading because two individuals who control Sentry failed to join as reporting persons, as they are required to do.

42. Blair Driscoll is Associate Portfolio Manager at Sentry Investments Inc. Sean Driscoll is an executive officer of Sentry Select Capital Corp.

43. As admitted in its Schedule 13D, Sentry Select Capital Corp. is ultimately controlled by Blair Driscoll and Sean Driscoll (together, the "Driscolls").

44. Under 17 C.F.R. §§ 240.13d–1 and 240.13d–3, the Driscolls should have joined in Sentry's 13D as reporting persons. But they failed to do so.

45. In sum, Sentry is mounting its proxy challenge on the basis of false and misleading SEC filings. Timmins and its shareholders will be irreparably harmed if Sentry is allowed to proceed with its proxy challenge without correcting its false and misleading SEC filings prior to the shareholder vote at the Annual General Meeting, which is scheduled for July 31, 2014.

## COUNT I

**(Violation of § 13(d) of the Exchange Act and SEC Rules promulgated thereunder based on Schedule 13D)**

46. Timmins repeats and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 45 above.

47. Sentry's June 9, 2014 Schedule 13D and the documents attached thereto and/or incorporated by reference therein are materially false and misleading in that they misstate and/or omit material information that must be disclosed.

48. By reason of the foregoing, Sentry violated § 13(d) of the Exchange Act, 15 U.S.C. § 78m(d), and the rules promulgated thereunder.

49. Sentry is obligated to correct the foregoing material misstatements and omissions of material facts so that Timmins shareholders have the complete and accurate information to which they are entitled under § 13(d) of the Exchange Act.

50. Timmins and its shareholders will be irreparably harmed absent such a correction and appropriate equitable relief: (a) requiring Sentry to file an amended Schedule 13D correcting the misstatements and omissions in its June 9, 2014 Schedule 13D; and (b) barring Sentry from voting or directing the vote of Timmins common shares

or acquiring additional beneficial ownership of Timmins common shares until 10 days after it has filed an amended Schedule 13D correcting the misstatements and omissions in its June 9, 2014 Schedule 13D.

51. Timmins has no adequate remedy at law.

52. This claim is brought within the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Timmins demands judgment against Sentry, including declaratory and injunctive relief, as follows:

1. Declaring that Sentry's June 9, 2014 Schedule 13D violates § 13(d) of the Exchange Act;

2. Requiring Sentry to file an amended Schedule 13D correcting the misstatements and omissions in its June 9, 2014 Schedule 13D;

3. Barring Sentry from voting or directing the vote of Timmins common shares or acquiring additional beneficial ownership of Timmins common shares until 10 days after it has filed an amended Schedule 13D correcting the misstatements and omissions in its June 9, 2014 Schedule 13D; and

4. Granting Timmins such further relief as the Court deems just and proper.

Dated: Washington, D.C.
        June 24, 2014

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By: _____
Charles E. Davidow
(D.C. Bar No. 331702)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7380

Fax: (202) 223-7426
cdavidow@paulweiss.com

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Moses Silverman (D.C. Bar No. 364441)
Robert N. Kravitz (*pro hac vice* motion
   forthcoming)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
msilverman@paulweiss.com
rkravitz@paulweiss.com

*Attorneys for Plaintiff Timmins Gold Corp.*

13